BÖHLER-UDDEHOLM CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ALLEGHENY LUDLUM STEEL CORP., WASHINGTON STEEL CORP., AND G.O. CARLSON, INC., DEFENDANT-INTERVENORS

Consolidated Court No. 95-08-01024

(Dated December 22, 1997)

*O'Donnell, Byrne, Basham & Williams*, *(R. Kevin Williams* and *Michael A. Johnson)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General, *Jeanne E. Davidson*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Randi-Sue Rimerman), Carlos A. Garcia*, Attorney-Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Collier, Shannon, Rill & Scott, pllc, (Paul C. Rosenthal, John B. Brew* and *Jeffrey S. Beckington)* for defendant-intervenors.

OPINION

RESTANI, *Judge:* Before the court is the United States Department of Commerce's ("Commerce") *Results of Redetermination Pursuant to Court Remand, Böhler-Uddeholm Corp. v. United States, Slip Op. 97–127 (Sept. 10, 1997)* [hereinafter *"Second Remand Results"*]. Familiarity with the court's earlier decisions in this case is presumed.[1] The issue before the court involves Commerce's implementation of the following instructions:

> apply the totality of the circumstances test as articulated in *[United States v.]Carborundum*[, 536 F.2d 373, 377 (C.C.P.A. 1976)] by considering as many of the seven factors as are appropriate. Commerce is limited to the record before Treasury in 1976. Moreover, Commerce may not rely on (1) its prior determination that flat-rolled Stavax and Ramax are within the scope of the antidumping finding based on the *Diversified Products* threshold test, (2) the November 1995 *Diversified Products* analysis for forged Stavax and Ramax, or (3) the *Acrylic Sheet* analysis provided in the first remand results.

*Böhler-Uddeholm II*, Slip Op. 97–127, at 20, 1997 WL 08748, at *7. For the reasons that follow this matter is remanded to Commerce.

I

All parties agree that in the *Second Remand Results*, Commerce's list of documents included in the administrative record omitted three docu-

---

[1] *See United States v. Böhler-Uddeholm Corp.*, No. 95-08-01024, Slip Op. 97–127, 1997 WL 608748 (Ct. Int'l Trade Sept. 10, 1997) [hereinafter *"Böhler-Uddeholm II"*]; *United States v. Bohler-Uddeholm Corp.*, 946 F. Supp. 1003 (Ct. Int'l Trade 1996) [hereinafter *"Böhler-Uddeholm I"*].

ments.[2] Plaintiff argues that because Commerce excluded the documents in the *Second Remand Results*, the court must presume that the same documents were excluded in the first remand results, thereby tainting both the determination currently before the court and the portion of the first remand results previously affirmed by this court.

The court cannot make the presumption requested by plaintiff. In the *Second Remand Results*, Commerce stated explicitly that "[i]n examining the record for *this* redetermination, the Department took into consideration only the documents of record which were before Treasury in 1976." *Second Remand Results*, at 2, Def.'s App., at 29 (emphasis added). This statement in no way infers that Commerce's prior determinations were also limited to the same eight documents.

Moreover, the court affirmed in *Böhler-Uddeholm II*, Commerce's determination that Treasury's 1976 determination excluding Stavax and Ramax was not in accordance with law because Treasury based its ruling, in principal part, on the omission of Stavax and Ramax grades of steel from the petition list of price comparisons. *Böhler-Uddeholm II*, Slip Op. 97–127, at 9, 1997 WL 608748, at *3. Any disregard of certain documents in the *Second Remand Results* does not make lawful Treasury's excessive reliance on a list of steel grades in the petition. Accordingly, plaintiff's concerns regarding Commerce's consideration of the 1976 record provide an insufficient basis for the court to reconsider its holding that Treasury's 1976 scope determination was unlawful.[3]

## II

In the *Second Remand Results*, Commerce applied the 1976 scope determination standard articulated in *Böhler-Uddeholm I*, 946 F. Supp. at 1008–09, and *Böhler-Uddeholm II*, Slip Op. 97–127, at 12–14, 1997 WL 608748, at *4–5, concluding that Stavax and Ramax were within the scope of the class or kind of merchandise under the 1976 standards. *Second Remand Results*, at 8, Def.'s App., at 35. Plaintiff argues that this conclusion is also tainted by Commerce's failure to consider the complete record and thus the court should grant its motion for judgment on

---

[2] Commerce stated that the record before Treasury included:

the April 25, 1972 antidumping duty petition and attachments thereto * * *; the May 12, 1972 Treasury Memorandum from Alex Olenick to the File; Treasury's February 2, 1973 affirmative determination of sales at less-than-fair value; Treasury's April 13, 1973 Memorandum from Commissioner of Customs to Edward L. Morgan, Assistant Secretary for Enforcement, Tariff and Trade Affairs, and Operations; the Tariff Commission's May 7, 1973 affirmative determination of injury; Treasury's June 8, 1973 antidumping finding on stainless steel plate from Sweden; [Böhler-]Uddeholm's June 2, 1976 request that its products be excluded from the scope of the finding and [sic]; and [Böhler-] Uddeholm's June 17, 1976 request that its products be excluded from the scope of the finding.

*Second Remand Results*, at 2–3, Def.'s App., at 29–30 (citations omitted). Plaintiff notes that at least three documents were omitted from this list: the International Trade Commission Staff Report, Böhler-Uddeholm's April 28, 1976 letter, and the attachments to Böhler-Uddeholm's June 17, 1976 request to exclude Stavax and Ramax from the scope of the finding.

[3] The court also disagrees with plaintiff's argument that because the court ordered Commerce to sustain Treasury's determination if supported by substantial evidence, Commerce "must assume the role of the Court of International Trade when it reviews [Treasury's] determinations. Likewise, the Court of International Trade must assume the role of an appellate tribunal * * * and determine whether Treasury's decision is supported by substantial evidence on the record." Plaintiff's argument is merely an impermissible attempt to have the court substitute its judgment of Treasury's 1976 ruling for that of Commerce. Moreover, after the first remand, the only determination the court could review was Commerce's determination that Treasury erred, and not the original Treasury decision.

the agency record affirming Treasury's 1976 decision.[4] Defendant agrees that Commerce erred and requests a remand. Defendant-intervenors also agree that the documents should have been included in the record, but argue that because Böhler-Uddeholm has not demonstrated prejudice, the omission constitutes harmless error and thus the *Second Remand Results* should be affirmed.[5] The court agrees with defendant that the matter must be remanded to the agency.

Judicial review of an agency action must be based on the whole record, which includes everything that was before the agency pertaining to the merits of its decision. "An incomplete record must be viewed as a 'fictional account of the actual decisionmaking process.' * * * If the record is not complete, then the requirement that the agency decision be supported by 'the record' becomes almost meaningless." *Portland Audobon Society v. Endangered Species Committee*, 984 F.2d 1534, 1548 (9th Cir. 1993) (citations omitted).

Here, defendant admits to omitting three documents from the administrative record. Moreover, the government notes that certain issues were not factored into its analysis under the totality of the circumstances test. Specifically,

> Commerce's description of the record before Treasury in 1976 is incomplete and, thus, in error. Moreover, Commerce does not elsewhere in its second remand redetermination refer to any of the three documents cited by [Böhler-]Uddeholm. Similarly, Commerce does not otherwise specifically address how it considered (1) the Tariff's [sic] Commission's explicit exclusion of Bethlehem Steel, and omission of Crucible Steel, from its injury investigation in 1973, and (2) 1976 product information suggesting that Bethlehem Steel and Crucible Steel produced stainless tool steels in 1976.

Def.'s Br. at 7. The court cannot sustain this remand determination as it is based on both an incomplete record[6] and an incomplete analysis.[7]

---

[4] The court cannot grant Bohler-Uddeholm's request to sustain the 1976 Treasury determination. In *Bohler-Uddeholm II*, this court affirmed Commerce's remand determination that Treasury had erred in its 1976 scope determination. Slip Op. 97–127, at 7, 1997 WL 608748, at *3. As indicated, there is insufficient reason to set that decision aside. The only issue now before the court is whether Commerce's current application of the 1976 standard to correct the original error can be sustained.

[5] The defendant-intervenors' analysis of the issue before the court is unpersuasive. The cases cited by defendant-intervenors support two basic propositions: (1) that not all procedural irregularities are per se prejudicial, *see Timken Co. v. Regan*, 4 CIT 174, 179, 552 F. Supp. 47, 52 (1982), and (2) that the agency is presumed to have considered all of the evidence in the record, *see Granges Metallverken AB v. United States*, 13 CIT 471, 478, 716 F. Supp. 17, 24 (1989). Here, the agency explicitly listed the documents included in the administrative record and excluded three documents all parties agree were required to be in the record. This fact alone rebuts the presumption relied upon by defendant intervenors.

[6] Defendant-intervenors correctly note that the omitted April 28 letter addresses the same information as the June 17 letter, a letter included in the record. Defendant-intervenors also argue, however, that the court has already rejected plaintiff's argument that the Tariff Commission Report supports the exclusion of Stavax and Ramax from the dumping finding. While it is true that the court addressed the role of the Tariff Commission Report in *Bohler-Uddeholm I*, the court limited its discussion of that document to the probative weight of one aspect of the Report in determining if Treasury erred in its scope determination. The court did not determine whether the information included in the Report should be considered in the correct application of the 1976 scope standards.

[7] The court does not reach the merits of the issues raised by Böhler-Uddeholm regarding Commerce's application of the 1976 standard because Commerce's determination was not based on the entire record. Any review by the court of that portion of the determination would be premature. In the interest of judicial and administrative efficiency, however, the court directs Commerce to address Böhler-Uddeholm's concerns in the third remand determination.

Thus, the court remands this matter to Commerce to consider the relevant evidence of record and, based on a review of the entire record, comply with the court's remand instructions articulated in *Böhler-Uddeholm II*, Slip Op. 97–127, at 20, 1997 WL 608748, at *7, with particular focus on the instruction that a proper analysis would compare Stavax and Ramax to the totality of the class or kind of merchandise in question.

Remand results are due within 45 days hereof. Any objections are to be filed within 20 days thereafter and responses are due 11 days thereafter.